IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK-ALONZO WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN WETZEL, *Secretary of the PA Department of Corrections*, MICHAEL KLOPOTOSKI, *Regional Superintendent*, MICHAEL MAHALLY, *Superintendent, SCI Dallas*, VINCENT MOONEY, *Superintendent, SCI Coal*, JOSEPH ZAKARAUSKAS, *Deputy Superintendent, SCI Dallas*, SUPERINTENDENT NORMAN DEMMING, *Deputy Superintendent, SCI Dallas*, MR. PALL, *Captain*, SCI Dallas, JOSEPH FYE, *Corrections Officer*, ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Defendants. ) | Civil Action No. 16 – 300 <br><br> Magistrate Judge Lisa Pupo Lenihan |

## **ORDER**

**AND NOW**, this 11th day of January, 2017, upon consideration of the Amended Complaint (ECF No. 7) filed by Plaintiff Mark-Alonzo Williams ("Plaintiff"), and it appearing that the action should have been brought before the United States District Court for the Middle District of Pennsylvania, *see* 28 U.S.C. § 1404(a) ("For convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *see also* Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (stating factors to consider when deciding whether to transfer case), because Plaintiff is alleging claims against the Secretary of the Pennsylvania Department of

Corrections and numerous DOC employees who work at SCI-Dallas, all located within the Middle District of Pennsylvania, *see* Jumara, 55 F.3d at 879 (stating that location of parties is a factor) for conduct that primarily occurred at SCI-Dallas, located within the Middle District of Pennsylvania, *see* id. (stating that where claim arose is a factor), because discovery, if any, may involve witnesses and documents located within that district, *see* id. (stating that location of witnesses and discoverable evidence is a factor), and because that district likely has a strong interest in deciding this controversy, *see* id. (stating that local interest in deciding case is a factor), and the Court finding that practical and economic considerations of conducting discovery and trial in a location near the parties and witnesses weigh in favor of transfer, *see* id. (stating that public and practical considerations are factors); *see also* Hill v. Guidant Corp., 76 F. Supp. 566, 570-71 (M.D. Pa. 1999) (stating that in considering transfer of case, convenience of non-party witnesses residing more than 100 miles from the court weigh heavily), and it would be in the interests of justice and judicial economy to transfer this case because it does not appear that any of the alleged events occurred within this district, it is hereby **ORDERED** that;

1. The Clerk of Court is directed to transfer the above-captioned case to the United States District Court for the Middle District of Pennsylvania. *See* 28 U.S.C. § 1404(a); Jumara, 55 F.3d at 879.

2. The Clerk of Court is directed to **CLOSE** this case and **TRANSFER** forthwith.

                                          /s/ Lisa Pupo Lenihan
                                          Lisa Pupo Lenihan
                                          United States Magistrate Judge

Cc:   Mark-Alonzo Williams
       FL 2923
       SCI Forest
       P.O. Box 945
       Marienville, PA  16239