# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK-ALONZO WILLIAMS, | : | |
| Plaintiff | : | |
| | : | No. 1:17-CV-00079 |
| vs. | : | |
| | : | (Judge Rambo) |
| JOHN WETZEL, et al., | : | |
| Defendants | : | |

## MEMORANDUM

### I. Background

Pro se Plaintiff Mark-Alonzo Williams is currently confined at the Camp Hill State Correctional Institution, Camp Hill, Pennsylvania ("SCI-Camp Hill"). The case, raising claims pursuant to 42 U.S.C. § 1983, is proceeding on the basis of an amended complaint filed on January 3, 2017. (Doc. No. 7.) Plaintiff names as Defendants several employees of the Pennsylvania Department of Corrections ("DOC"), and alleges, inter alia, that while confined at SCI-Dallas, the Defendants failed to protect him from an assault in violation of his rights under the Eighth Amendment.

On May 19, 2017, Defendants filed a motion to dismiss for failure to state a claim (Doc. No. 23) and a brief in support. (Doc. No. 28.) Plaintiff has not yet filed a brief in opposition to the motion to dismiss. On June 30, 2017, Plaintiff filed a motion for preliminary injunction and temporary restraining order

1

requesting that this Court order Plaintiff be released from the special management unit ("SMU") and placed back into general population. (Doc. No. 29). By Memorandum and Order dated July 18, 2017 (Doc Nos. 30, 31), this Court denied Plaintiff's motion.

Plaintiff has subsequently filed five additional motions. The first of those five pending motions is another request that the Court release him from SMU (Doc. No. 40); the second is a motion for leave to file an amended complaint (Doc. No. 42); the third motion, entitled "motion" seeks fourteen (14) AO 399, AO 398, and USM-285 forms be sent to him (Doc. No. 43); the fourth motion is a request for an extension of time to file a brief in opposition to Defendants' motion to dismiss (Doc. No. 44); and the fifth pending motion seeks a preliminary injunction. (Doc. No. 48.) The Court will address each motion in turn.

## II. Discussion

### A. Motion for Release from SMU

The Court has already entertained, on two separate occasions, Plaintiff's request to be released from SMU. (See Doc. Nos. 29, 37; and Doc. Nos. 32, 33, 41.) As there appears to be no change in facts or circumstances since this Court's last Order denying the previous similar motions, Plaintiff's instant motion for release from SMU (Doc. No. 40) will be denied for the same reasons set forth in this Court's July 18, 2017, Memorandum and Order (Doc. Nos. 32, 33.)

**B. Motion for Leave to File an Amended Complaint**

In Plaintiff's motion for leave to file a second amended complaint (Doc. No. 42), Plaintiff seeks to add James C. Barnacle, Director of Special Investigations and Intelligence of the Pennsylvania Department of Corrections as a new Defendant. (Id.) Plaintiff has attached a proposed second amended complaint to his motion in compliance with Local Rule 15.1(a). Defendants have not filed an oppositional brief.

Generally, leave to amend a pleading pursuant to Federal Rule of Civil Procedure 15(a) should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court need not grant leave to amend in the presence of bad faith, undue delay, undue prejudice, or futility. See Diaz v. Palakovich, 448 Fed.Appx. 211, 215-16 (3d Cir. 2011) (citing Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)); see also Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008) (citation omitted). Even where there is no undue delay, prejudice to the non-moving party remains the touchstone for the denial of a motion to amend. Arthur v. Maersk, Inc., 434 F.3d 196, 202 (3d Cir. 2006). The court must consider whether granting leave to amend the complaint

"would result in additional discovery, cost, and preparation to defend against new facts or new theories." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001). An amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

In review of the record and the proposed second amended complaint, the Court does not find any basis to conclude that Plaintiff unreasonably delayed seeking to amend the Complaint, or that his efforts to amend were motivated by bad faith or to prejudice the opposing parties. See Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir. 1984). Moreover, Defendants have not filed a brief in opposition to Plaintiff's motion for leave to file a second amended complaint. Accordingly, the Court will permit the second amended complaint to be filed and will direct the Defendants to respond.[1] Because the second amended complaint adds a new defendant to this action, Plaintiff, in accordance with Rule 4 of the Federal Rules of Civil Procedure, shall make arrangements to effect service of the second amended complaint on the new Defendant as required by the Rules of this Court. Insofar as Plaintiff's motion filed at Doc. No. 43 requests the proper service forms,

---

[1] The granting of Plaintiff's motion for leave to amend will thus render Defendants' motion to dismiss (Doc. No 23), moot. Accordingly, the Court will dismiss the pending motion to dismiss relating to Plaintiff's prior amended complaint as moot, but without prejudice to renewal of this motion.

4

this motion will be granted and the Clerk of Court will be directed to provide the appropriate forms so that Plaintiff can effectuate service on the new Defendant.

To the extent that Defendants believe the pleading fails to satisfy the pleading standards applicable under Rule 8 of the Federal Rules of Civil Procedure, or that it fails to state a claim, they may seek dismissal of the claims through a properly filed motion brought under Rule 12(b) of the Federal Rules of Civil Procedure.

### C. Motion for Extension of Time to file Brief in Opposition to Defendants' Motion to Dismiss

Because the Court is granting Plaintiff's motion for leave to file a second amended complaint, this amended pleading will supersede the prior complaint and render it of no legal effect.  See Knight v. Wapinsky, No. 12-CV-2023, 2013 WL 786339, at *3 (M.D. Pa. March. 1, 2013); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies.... Once an amended pleading is interposed, the original pleading no longer performs any function in the case...."). Accordingly, Defendants' motion to dismiss (Doc. No. 23) is rendered moot; ergo, Plaintiff's motion for an extension of time to file a brief in opposition to Defendants' motion to dismiss is also rendered moot.

### D. Motion for Preliminary Injunction

Plaintiff's motion for a preliminary injunction (Doc. No. 48) requests that the Court issue an injunction enjoining defendants and employees from "seizing and/or destroying Plaintiff's personal, and legal, and subscription[] mail, incoming and outgoing…" (Doc. No. 48.) Plaintiff provides that he has not received his daily subscription of USA Today, weekly subscription of Sports Weekly and Time, or his monthly subscription of National Geographic and Harper's Magazine since August 18, 2017. (Id. at 1, 2.) Plaintiff also complains that his legal mail has been opened by prison staff. (Id. at 3.)

In determining whether to grant a motion seeking preliminary injunctive relief, the Court must evaluate four factors: (1) the likelihood of success on the merits; (2) irreparable harm resulting from a denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest. United States v. Bell, No. 01–2159, 2003 WL 102610, at *2 (M.D. Pa. Jan. 10, 2003) (J. Conner) (internal citations omitted). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." In Re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982). It is the moving party that bears the burden of satisfying these factors. Bell, 2003 WL 102610, at *2.

The Court finds that Plaintiff fails to demonstrate that he will suffer immediate irreparable harm if the relief sought is not granted. While Plaintiff alleges that Defendants violated his rights by opening legal mail outside of his presence (Doc. No. 48 at 3), he provides no evidence to support this assertion, when these incidents occurred, or which Defendants he believes are opening his legal mail. Moreover, the record in the instant case reflects that he has made timely filings throughout the case and continues to file numerous motions. There is no indication that any of these documents were confiscated or prevented from being filed. Lastly, his claim that he is not receiving his newspaper and magazine subscriptions are improper for relief by preliminary injunction. See Fleming v. South Carolina Dept. of Corr., No. 1:09-1256, 2010 WL 3489015, at *8 (D. S.C. Aug. 3, 2010); Talley v. Trost, No. 14-CV-0948, 2015 WL 5468355, at *4 (S.D. Il. Sept. 17, 2015). Accordingly, Plaintiff's motion for preliminary injunctive relief will be denied.

### III. Conclusion

For the reasons set forth above, Plaintiff's: motion for release from SMU (Doc. No. 40) will be denied; motion for leave to file an amended complaint (Doc. No. 42) will be granted and the Clerk of Court will be directed to docket the second amended complaint (Doc. No. 63-1) as a separate entry on the docket of this action; motion entitled "motion," seeking fourteen (14) AO 399, AO 398, and

7

USM-285 forms be sent to him (Doc. No. 43) will be granted insofar as the Clerk of Court will be directed to provide Plaintiff with the appropriate forms to serve the newly added Defendant; motion for an extension of time to file a brief in opposition to Defendants' motion to dismiss (Doc. No. 44) will be denied as moot; and motion for a preliminary injunction (Doc. No. 48), will be denied. Defendants' motion to dismiss (Doc. No. 23), will be dismissed without prejudice as set forth above. An appropriate Order follows.

        s/Sylvia H. Rambo
        SYLVIA H. RAMBO
        United States District Judge

Dated: September 26, 2017