# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK-ALONZO WILLIAMS, :
    Plaintiff :
: No. 1:17-cv-00079
    v. :
: (Judge Rambo)
JOHN WETZEL, et al., :
    Defendants :

## MEMORANDUM

Pro se Plaintiff Mark-Alonzo Williams is currently confined at the State Correctional Institution at Forest, Marienville, Pennsylvania ("SCI-Forest"). The case, raising claims pursuant to 42 U.S.C. § 1983, is proceeding on the basis of a second amended complaint filed on September 26, 2017. (Doc. No. 52.) Plaintiff names as Defendants several employees of the Pennsylvania Department of Corrections ("DOC"): Secretary John Wetzel, James Barnacle, Vincent Mooney, Larry Mahally, Norman Demming, Joseph Zakarauskas, Mark Pall, and Joseph Fye. (Id.) Plaintiff alleges constitutional violations including retaliatory transfers, cruel and unusual punishment, failure to protect, conspiracy, and equal protection. (Id.) Currently pending before the Court is Plaintiff's motion for reconsideration of the Court's denial of his motion for preliminary injunction and temporary restraining order (Doc. No. 59), Defendants' motion to dismiss Plaintiff's second amended complaint (Doc. No. 61), Plaintiff's motion to amend his brief in

1

opposition to Defendants' motion to dismiss (Doc. No. 70), and Plaintiff's motion for a more definite statement (Doc. No. 71).

## I. BACKGROUND[1]

On September 23, 2014, while incarcerated at SCI-Dallas, Plaintiff received a "death threat letter" from another inmate named Bader. (Doc. No. 52 at 6.) Plaintiff gave the letter to Corrections Officer Petrosky (not a named Defendant), who in turn gave it to Defendant Pall. (Id.) Bader was placed in a Restricted Housing Unit ("RHU"), and after fifteen (15) days, was released to his respective cellblock. (Id. at 7.) Thereafter, Plaintiff, who is housed in a separate cellblock, returned to his cell from the commissary. (Id.) He was told by Defendant Fye that his celldoor was already unlocked prior to his return. (Id.) Upon entering his cell, Plaintiff was assaulted by Bader, who was hiding underneath Plaintiff's bed. (Id.) Bader punched Plaintiff in the face and body and attempted to pull off Plaintiff's trousers. (Id.) Plaintiff was able to break free, lock Bader in his cell, and informed Defendant Fye of what happened. (Id.) Bader was taken to the RHU. (Id.)

Plaintiff requested to see medical, but was denied by Correctional Officer Levan (not a named Defendant). (Id. at 10.) Thereafter, Plaintiff reported a

---

[1] As required on a motion to dismiss, the Court accepts all factual allegations as true, and construes the second amended complaint in the light most favorable to the Plaintiff. See Kaymark v. Bank of America, N.A., 783 F.3d 168, 174 (3d Cir. 2015).

2

PREA[2] complaint via the telephone on his cell block. (Id.). The paper version of his PREA complaint was confiscated by Officer Young (not a named Defendnat), but was returned days later after Plaintiff complained about its whereabouts via requests slips to Defendant Demming. (Id.)

On December 5, 2014, Plaintiff reported to Defendant Pall who informed Plaintiff that it was "50/50" as to whether Plaintiff or Bader would be transferred from SCI-Dallas. (Id. at 12.) On December 23, 2014, Plaintiff was transferred to SCI-Coal Township. (Id. at 13.) Plaintiff filed a grievance both at SCI-Dallas on December 18, 2014, and upon his arrival at SCI-Coal Township, claiming that his transfer was retaliatory. (Id.) Plaintiff alleges that Defendants Pall, Zakarauskas, Demming, and Mahally colluded with Defendant Mooney to transfer Plaintiff to SCI-Coal Township, and that Defendants Barnacle and Wetzel approved the transfer. (Id. at 14.)

On January 15, 2015, Plaintiff was transferred to SCI-Graterford. (Id. at 15.) Plaintiff contends that this transfer was not retaliatory until Defendants Klopotosky, Barnacle, and Mooney ordered Plaintiff to be transferred back to SCI-Coal Township. (Id.) While at SCI-Coal Township, Plaintiff was placed in Disciplinary Segregated Confinement for fighting with another inmate. (Id.) After his disciplinary confinement, Plaintiff alleges that Defendants Mooney,

---
[2] The Prison Rape Elimination Act of 2003 ("PREA") is a federal law dealing with the sexual assault of prisoners.

3

Klopotosky, Barnacle and Wetzel approved another retaliatory transfer to SCI-Fayette. (Id.) While at SCI-Fayette, Plaintiff was again placed in disciplinary confinement for another fight with an inmate. (Id. at 17.)

On October 6, 2016, Plaintiff was transferred to SCI-Forest, again claiming that this was a retaliatory transfer. (Id.) It appears that Plaintiff was subsequently transferred to SCI-Camp Hill. (Id.) The docket reflects that on or about December 11, 2017, Plaintiff was transferred back to SCI-Forest where he remains currently incarcerated. (Doc. No. 65.)

## II. LEGAL STANDARDS

While Defendants have filed a motion to dismiss Plaintiff's second amended complaint (Doc. No. 61), the basis of the motion is their contention that Plaintiff's second amended complaint fails to comply with Federal Rules of Civil Procedure 8 and 20. (Id.) Pursuant to Federal Rule of Civil Procedure 8(a), a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d). Rule 8 is satisfied when the allegations of the complaint "enable[s] [the adverse party] to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). If a pro se complaint does

not comply with the requirements of Rule 8, a court may dismiss the complaint "on its own initiative or in response to a motion by the defendant." Id.

Federal Rule of Civil Procedure 20, titled Permissive Joinder of Parties, in pertinent part, reads:

> (a) Persons Who May Join and Be Joined.
>
> * * * * * * * * *
>
> (2) Defendants. Persons . . . may be joined in one action as defendants if:
>
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>>
>> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Analyzing Rule 20 reveals that it defines the limits of defendants that can be jointed in a single action when: "(A) any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. See Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir.1974). The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. Salley v. Wetzel, Civ. No. 12-1515, 2013 WL 3157558 (M.D. Pa. 2013), aff'd, 565 F. App'x. 77 (3d Cir.

2014); see also United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (3d Cir. 2009) (providing that the joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness). "However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit." Id. at *3 (citing Pruden v. SCI Camp Hill, 252 Fed. Appx. 436 (3d Cir. 2007)).

### III. DISCUSSION

#### A. Motion to Reconsider Preliminary Injunction

It is evident from the face of the complaint that Plaintiff is no longer housed at SCI-Camp Hill, the institution wherein Plaintiff's allegations related to his preliminary injunction claim stems. (Doc. No. 59.) In light of Plaintiff's transfer from SCI-Camp Hill, Plaintiff's request for injunctive relief has become moot. The mootness doctrine recognizes that "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims. Abdul-Akbar v. Watson, 4 F.3d 195, 2016 (3d Cir. 1993); see Griffin v. Beard, Civ. No. 09-4404, 2010 WL 4642961 (3d Cir. 2010) (transfer from SCI Huntingdon renders inmate injunctive relief

6

claim moot). Accordingly, the Court will deny Plaintiff's motion for reconsideration (Doc. No. 59), as moot.

### B. Defendants' Motion to Dismiss[3]

Defendants' contend that Plaintiff raises a "hodgepodge of claims, ranging from sex discrimination to retaliation to failure to protect" and covers "six different correctional institutions," and is not "simple, concise, and direct." (Doc. No. 62.) The Court disagrees. The second amended complaint makes clear that there are alleged violations of Plaintiff's civil rights. (Doc. No. 52.) These alleged violations all occurred while Plaintiff was incarcerated at SCI-Dallas. (Id.) All Defendants are alleged to be either employed at SCI-Dallas or with the DOC. (Id.) With regard to Plaintiff's allegations of retaliatory transfers to numerous correctional institutions, those allegations stem from SCI-Dallas and Plaintiff has not named any individual defendant in any other correctional institution other than Mooney. Moreover, the dates of confinement are known to Defendants and the specific dates of occurrences outlined in the second amended complaint orient the Defendants sufficiently in order to comply with Federal Rule of Civil Procedure 8.

---

[3] Plaintiff's motion to amend his brief in opposition to Defendants' motion to dismiss (Doc. No. 70), is construed as a sur-reply brief to Defendants' reply brief (Doc. No. 64). The Court will grant Plaintiff's motion (Doc. No. 70), insofar as it is construed as a sur-reply brief. Plaintiff has also filed a motion for a more definite statement (Doc. No. 71), which appears to be an inquiry by Plaintiff as to whether the Court has received his brief and sur-reply brief to Defendants' motion to dismiss. The Court will deny this motion as moot, given that the Court is in receipt of both and addresses the pending motion to dismiss in this Memorandum.

See Scherer v. Pa. DOC, Civ. No. 191-2004, 2007 WL 4111412 (W.D. Pa. Nov. 16, 2007).

While Plaintiff's second amended complaint may not entirely survive a subsequent motion to dismiss based upon failure to state a claim upon which relief may be granted or a motion for summary judgment, those motions are not presently before the Court for consideration. Consequently, Defendants' motion to dismiss for Plaintiff's failure to comply with Federal Rules of Civil Procedure 8 and 20 will be denied.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration of the Court's denial of his motion for preliminary injunction and temporary restraining order (Doc. No. 59), will be denied as moot, Plaintiff's motion to amend his brief in opposition to Defendants' motion to dismiss (Doc. No. 70), is construed as a sur-reply brief to Defendants' reply brief (Doc. No. 64), and will be granted insofar as it is construed as a sur-reply brief, Plaintiff's motion for a more definite statement (Doc. No. 71), will be denied as moot, and Defendants' motion to dismiss Plaintiff's second amended complaint (Doc. No. 61), will be denied. An appropriate order follows.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: April 5, 2018