# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK-ALONZO WILLIAMS,** | : | Civil No. 1:17-CV-79 |
| | : | |
| **Plaintiff,** | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **JOHN WETZEL, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

# MEMORANDUM ORDER

## I. Introduction

This is an action filed by the *pro se* plaintiff, Mark-Alonzo Williams, a prisoner currently incarcerated in the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution at Huntingdon. Williams brings his claims pursuant to 42 U.S.C. § 1983, alleging violations of his First, Eighth, and Fourteenth Amendment rights.

Williams' claims arise out of an incident in which he claims he was sexually assaulted by another inmate while incarcerated at SCI Dallas. The plaintiff alleges that after he was sexually assaulted by this inmate, the staff at SCI Dallas, along with the Secretary of the DOC, John Wetzel, attempted to cover up the sexual assault by denying him medical treatment (Doc. 52, ¶ 59); failing to interview him after the

assault (Id., ¶ 63); and initiating a series of allegedly retaliatory transfers in which the plaintiff was transferred to several different correctional institutions in less than one year. (Id., ¶¶ 82, 84, 101, 116, 122). Williams also claims that he was denied equal protection of the law under the Fourteenth Amendment because he, a homosexual inmate, was not afforded the same protections as heterosexual inmates. (Id., ¶ 148).

On December 10, 2018, Williams filed the instant motion to compel production of documents and answers to interrogatories. (Doc. 93). The motion has been fully briefed, and for the reasons that follow, the motion will be granted in part and denied in part. In sum, many of the documents that Williams has requested contain information about other inmates, which he is prohibited from obtaining. However, there are several documents that the defendants have not produced that are relevant to the plaintiff's claims. Moreover, while Williams attempted to diligently pursue discovery with respect to his interrogatories, these discovery requests ultimately did not reach the defendants until one day before the close of discovery and thus went unanswered. Accordingly, we will grant the motion to compel with respect to the documents that are relevant to the plaintiff's claims, and we will extend the discovery deadline to allow the defendants time to answer the plaintiff's interrogatories. However, the motion will be denied in all other respects.

## II. Standard of Review

If a party believes in good faith that another party has failed to respond adequately or appropriately to a discovery request, he may move for an order compelling disclosure or discovery. Fed. R Civ. P. 37(a)(1). The rule specifically permits a party to file a motion to compel the production of documents. Fed. R. Civ. P. 37(a)(3)(iv). In this case, Allen is seeking to compel further responses to document requests that he has propounded in support of his claims.

Rule 26(b), in turn, generally defines the scope of discovery permitted in a civil action and prescribes certain limits to that discovery. That rule, which was most recently amended as of December 1, 2015, now provides as follows:

> **(b) Discovery Scope and Limits.**
>
> **(1) *Scope in General*.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is considered to be "relevant 'if it has any tendency to make a fact more or less probable that it would be without the evidence' and 'the fact is of consequence in determining the action.'" In re Suboxone

(Buprenorphine Hydrochloride & Naloxone) Antitrust Litig., No. 13-MD-2445, 2016 WL 3519618, at *3 (E.D. Pa. June 28, 2016) (quoting Fed. R. Evid. 401).

Rulings regarding the proper scope of discovery, and the extent to which further discovery responses may be compelled, are matters committed to the court's judgment and discretion. Robinson v. Folino, No. 14-227, 2016 WL 4678340, at *2 (W.D. Pa. Sept. 7, 2016) (citation omitted); see also Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Although decisions relating to the scope of discovery rest with the discretion of the district court, that discretion is nevertheless limited by the scope of Rule 26 itself, which reaches only "nonprivileged matter that is relevant to any party's claim or defense." Accordingly, "[t]he Court's discretion in ruling on discovery issues is therefore restricted to valid claims of relevance and privilege." Robinson, No. 14-227, 2016 WL 4678340, at *2 (citing Jackson v. Beard, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("[a]lthough the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits....Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information")).

"A party moving to compel bears the initial burden of showing the relevance of the requested information." Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that burden is satisfied, the party resisting the discovery has

the burden to establish that the discovery being sought is not relevant or is otherwise inappropriate. Robinson, No. 14-227, 2016 WL 4678340, at *2.

Finally, one other immutable rule defines the court's discretion when ruling on motions to compel discovery. It is clear that the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. OrthoMcNeil–Janssen Pharmaceuticals, Inc., No. 08–5904, 2010 WL 5186088 (E.D. Pa. Dec.21, 2010); Knauss v. Shannon, No. 08–1698, 2009 WL 975251 (M.D. Pa. April 9, 2009).

## III. Discussion

Williams' motion to compel production contests several of the defendants' responses to his requests for production of documents. Specifically, he claims that the defendants have not produced several documents that contain information about certain inmates within the DOC, medical records and video footage of the plaintiff being taken to medical after the assault, information related to his multiple prison transfers, DOC policies relating to inmate transfers and staff retaliation, and "block notes" from certain correctional officers. In addition to the request for production of documents, Williams sent a set of interrogatories to the defendants on October 29, 2018, which were apparently never received by the defendants. (Doc. 95-3, at 1).

5

The plaintiff's interrogatories did not reach the defendants until December 13, 2018—one day before the close of discovery—and thus the defendants did not provide the plaintiff with answers. (Id.)

### A. **Request for Production of Documents**

Williams has requested a number of documents that the defendants refuse to provide on the basis that they contain information about other inmates. Specifically, he requested: (1) a list of inmates who acted as informants at SCI Dallas; (2) misconduct reports for inmate Bader, the plaintiff's alleged attacker; (3) all reports, actions and memos of the Disciplinary Hearing Examiner regarding inmate Bader's misconducts; (4) a report regarding inmate Bader's housing in the RHU; (5) actions, memos, reports and notes from Defendant Demming's dictaphone regarding the termination of the investigation into inmate Bader; (6) any reports, notes, or memos signed by inmate Bader while he was allegedly working as an inmate-informant; (7) any reports, notes or emails regarding the interrogation of the plaintiff and inmate Bader about the sexual assault incident; and (8) any and all PREA reports, memos, and other documents from October 2014.

With respect to these requests, we first note that the DOC has a policy that states: "An inmate is prohibited from receiving inmate information pertaining to another inmate other than him/herself." See Doc. 95-2, at 3 (quoting DOC Policy DC-ADM 003, "Release of Information Policy," Section IV, Subsection A.5). In

addition, many courts in the Middle District of Pennsylvania have rejected these kinds of discovery requests as being not only overly broad, but unduly infringing upon the privacy interests of other inmates. See, e.g., Robinson v. Folino, 2016 WL 4678340, at *3 (W.D. Pa. Sept. 7, 2016) ("Misconducts filed against inmates . . . would necessarily contain information regarding those inmates that Plaintiff should not be privy to for both privacy and security reasons"); Montanez v. Tritt, Civ. No. 3:14-CV-1362, 2016 WL 3035310, at *4 (M.D. Pa. May 26, 2016) (denying motion to compel production of incident reports, grievances and other documents involving other inmates where they were found to be "overly broad, irrelevant, confidential, [and to] bear no sufficient connection to this case, and raise obvious privacy and security issues") (Mariani, J.); Lofton v. Wetzel, Civ. No. 1:12-CV-1133, 2015 WL 5761918, at *2 (M.D. Pa. Sept. 9, 2015) (Conner, C.J.) ("It is apparent that [the plaintiff's] requests for 'any and all' records of inspection, and 'all' incident reports and grievances are a grossly overstated fishing expedition. [His] request for incident reports and grievances regarding other inmates raises obvious privacy and security issues, and the relevance of such information is questionable at best"); Sloan v. Murray, No. 3:11-CV-994, 2013 WL 5551162, at *4 (M.D. Pa. Oct. 8, 2013) (Caputo, J.) (denying motion to compel grievance responses that concerned other inmates, citing DOC policy prohibiting inmates from receiving information about one another); Callaham v. Mataloni, Civ. No. 4:CV-06-1109, 2009 WL 1363368, at

7

*3-4 (M.D. Pa. May 14, 2009) (Jones, J.) (denying motion to compel, inter alia, grievances relating to medical treatment of other inmates, citing privacy concerns); cf. Banks v. Beard, Civ. No. 3:CV-10-1480, 2013 WL 3773837, at *5 (M.D. Pa. July 17, 2013) (Munley, J.) (discussing the DOC's policy against inmates receiving information about other inmates, and finding that the release of such information could be used to blackmail, harass, or assault that inmate, "thereby creating a substantial risk of physical harm to the subject inmate and any staff who intervene").

In keeping with these decisions, the court finds that Williams' request for discovery of documents containing information about other inmates is prohibited. These discovery requests are of questionable relevance and implicate important privacy and security interests. Moreover, the discovery of such information poses a security risk to both inmates and to any correctional staff who may intervene to stop such a risk. Accordingly, the motion to compel production of these documents (Doc. 95-1, Request Nos. 1, 4-8, 11, 15-16) is denied.

Williams also requested that the defendants produce his medical records and video footage pertaining to the period immediately following the sexual assault, as well as certain documents relating to some of his transfers. (Doc. 95-1, Request Nos. 3, 9, 13). With respect to these requests, the defendants have asserted that, following a reasonable investigation, they have determined that the medical records and video footage do not exist, and further, they are unable to confirm the existence of the

transfer documents the plaintiff seeks. (Doc. 95-2, at 5, 13, 18). As we have noted, this court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho–McNeil–Janssen Pharmaceuticals, Inc., No. 08–5904, 2010 WL 5186088 (E.D. Pa. Dec.21, 2010); Knauss v. Shannon, No. 08–1698, 2009 WL 975251 (M.D. Pa. April 9, 2009). Therefore, the defendants' assertion that they do not possess any responsive records that meet the description of the records sought by Williams in this motion compels us to deny these specific requests.

Additionally, Williams requested that the defendants produce copies of DOC policies regarding inmate transfers and staff retaliation. However, the defendants have noted that these policies are available in the law library and available for Williams to copy at his own expense. (Doc. 95-2, at 22-23). Thus, this request is similarly denied.

Finally, Williams has requested the "block notes" of certain correctional officers on certain dates, which he argues contain information relevant to his claims, as well as a copy of the "death threat letter" sent to him by inmate Bader. (Doc. 95-1, Request Nos. 2, 12, 14, 19). Specifically, he requested block notes from C.O. Zblotney dated September 1-5, 2014 regarding the first attack on the plaintiff by

9

inmate Bader, notes from C.O. Petrosky dated September 23-28, 2014 regarding the "death threat letter," and notes from C.O. Levan dated October 5-8, 2014, regarding the alleged sexual assault on the plaintiff by inmate Bader. The defendants object to these requests generally, asserting that they are overbroad, not relevant, beyond the scope of the complaint, and that they contain information about other inmates that Williams is prohibited from obtaining.

With respect to these requests, we will grant the plaintiff's motion to compel. As we have noted, our discretion regarding discovery issues is limited by the scope of Rule 26 itself, which reaches only "nonprivileged matter that is relevant to any party's claim or defense." Additionally, once the plaintiff has made an initial showing that the information he requests is relevant, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D. Kan. 2009).

In this case, we find that these specific documents are relevant to the plaintiff's claims against the defendants. Williams has asserted a failure-to-protect claim, as well as a claim that the defendants tried to cover up the sexual assault by inmate

Bader. Thus, we cannot conclude that these requests, which seek information about the two incidents in which he was attacked, as well as a "death threat letter" and information regarding that letter that he received from his attacker, are beyond the scope of the complaint or irrelevant. Additionally, contrary to the defendants' contentions, these requests are not overbroad because they request specific information and are limited to certain dates and specific incidents. Further, the defendants have not met their burden of showing that this information is outside the scope of Rule 26, or that concerns of potential harm outweigh the presumption in favor of disclosure. To the extent that the defendants argue that the documents contain privileged or confidential information, or information about other inmates, they have not produced compelling evidence to that effect but have simply asserted broad and general objections to the disclosure of these documents.

Thus, because the plaintiff has shown that these documents are relevant to his claims, and because the defendants have not identified any potential harm that could come from the disclosure of these documents, the defendants will be ordered to produce these documents to the plaintiff. (Doc. 95-1, Request Nos. 2, 12, 14, 19).[1]

---

[1] We note that the plaintiff has made an additional request for production within his motion to compel. (Doc. 93, at 4-5). This request violates Local Rule 5.4(b), which mandates that a request for documents "be served upon other counsel and parties but shall not be filed with the court" except as authorized by the Federal Rules or the Court. Local Rule 5.4(b); see also Moore v. Mann, 2015 WL 672444, at *1 (M.D. Pa. Feb. 17, 2015) (striking a plaintiff's discovery requests because the requests were filed with the court, rather than served on the parties, in violation of

### B. The Court will Extend the Time for Discovery to Allow the Defendants to Answer the Plaintiff's Interrogatories.

In addition to his request for production of documents, the plaintiff contends that he never received answers to set of interrogatories that he sent to the defendants. He asserts that he sent them on October 29, 2018, but the defendants did not receive them. (Doc. 95-3, at 1). After he was notified that the interrogatories were not received, he re-sent them, but they were not received by the defendants until December 13, 2018, one day before the close of discovery in this case. (Id.) Thus, the defendants informed the plaintiff that they would not provide answers to his interrogatories without an extension of time from the court. (Id.)

In the instant case, the discovery deadline expired on December 14, 2018. (Doc. 91). Rule 16(b)(4) of the Federal Rules of Civil Procedure allows the court to modify a scheduling order for "good cause." Fed. R. Civ. P. 16(b)(4). As one court in this circuit aptly noted the standard under Rule 16(b)(4):

> The "good cause" inquiry "focuses on the moving party's burden to show due diligence." Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84 (3d Cir. 2010). In the context of requests to extend deadlines, courts have defined "good cause" to include "circumstances beyond the control" of a party. See Partners Coffee Co., LLC v. Oceana Servs. and Prods. Co., No. 09-CV-236, 2010 U.S. Dist. LEXIS 41695, at *10, 2010 WL 1726829 (W.D. Pa. Apr. 28, 2010); see also Lord v. Consolidated Rail Corp., No. 13-784, 2015 U.S. Dist. LEXIS 142119, at *9, 2015 WL 6163951 (D.N.J. Oct. 19, 2015) ("A

---

Local Rule 5.4). Thus, we will deny the plaintiff's motion to compel to the extent he seeks to compel the defendants to produce documents not requested in his initial requests for production of documents.

> court may find good cause to amend the scheduling order where the movant learns of the facts supporting [the motion] after expiration of the relevant filing deadline [.]") (internal quotations omitted). In the context of requests to reopen discovery, "[t]he decision whether to reopen discovery is committed to the sound discretion of the district court." Trask, 2014 U.S. Dist. LEXIS 28362, at *267, 2014 WL 1279194.

Courtney v. Ivanov, 2016 WL 1367755, at *2 (W.D. PA. April 6, 2016).

Here, Williams, a *pro se* litigant, sent his interrogatories to the defendants on October 29, 2018, giving the defendants the required 30 days to answer his interrogatories before the December 14 discovery deadline. However, through no fault of Williams', the interrogatories never reached the defendants. When Williams was notified of this at his November 5 deposition with defense counsel, he re-sent the interrogatories to the defendants, which were received on December 13, 2018, one day before the close of discovery. He also filed the instant motion to compel, which seeks answers to his interrogatories. He was then informed that, because the defendants received the documents one day before discovery was set to close, they would not answer his interrogatories. On this score, we find that Williams diligently pursued his discovery requests, and we believe that good cause exists to reopen discovery and extend the deadline in order to give the defendants ample time to answer the plaintiff's interrogatories.[2]

---

[2] As a final matter, the plaintiff has requested that sanctions be imposed on defense counsel for allegedly sending a forged document in response to a discovery request for a letter from Defendant Demming. (Doc. 93, at 2). However, the plaintiff

13

## IV. Order

AND NOW, this 14th day of March 2019, it is hereby ORDERED that the plaintiff's motion to compel (Doc. 93) is GRANTED IN PART AND DENIED IN PART as follows:

1. The defendants will not be compelled to produce documents in response to the plaintiff's Request Nos. 1, 4-8, 11, and 15-16, regarding information about other inmates within the DOC;

2. The defendants will not be compelled to produce documents in response to Request Nos. 3, 9, and 13, as they have asserted that these documents do not exist;

3. The defendants will not be compelled to produce documents in response to Request Nos. 17 and 18, as these documents are available to Williams in the prison law library;

---

provides no evidence to support this assertion, other than claiming, "upon information and belief," that the defendant's document was forged. (Dc. 94, at 2). Moreover, his complaint states that he "retains all proof of defendant Demming's letters in response to Plaintiff at this crucial period in time: 'material fact evidence.'" (Doc. 52, ¶ 66). He subsequently goes on to state the information contained in the letter from Demming. (Id., ¶¶ 67-69). Thus, as the defendants note, it is unclear why the plaintiff would request this letter if he claims to already have the letter in his possession. Accordingly, we will deny Williams' request for sanctions.

4. The defendants must produce documents in response to Request Nos. 2, 12, 14, 19, relating to the "death threat letter" and the "block notes" concerning the assaults on the plaintiff, on or before **April 15, 2018**.

5. The plaintiff's additional request for production of documents is denied for failure to comply with Local Rule 5.4(b); and

6. The defendants are ordered to produce answers to the plaintiff's interrogatories on or before **April 15, 2018**.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge