# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| MARK-ALONZO WILLIAMS, | : | |
| --- | --- | --- |
|     Plaintiff | : | |
| | : | No. 1:17-cv-79 |
|     v. | : | |
| | : | (Judge Rambo) |
| WARDEN JOHN WETZEL, *et al.*, | : | |
|     Defendants | : | |

## **MEMORANDUM**

Before the Court are several discovery-related motions and documents filed by the parties in this matter. (Doc. Nos. 107, 108, 109, 111, 113, 115, 119, 121.) The motions have been fully briefed and are ripe for disposition. The Court will grant *pro se* Plaintiff Mark-Alonzo Williams ("Williams")' motion for leave to file a brief in support (Doc. No. 113) and motion to clarify (Doc. No. 121), as well as Defendants' motion for an extension of time to file a response (Doc. No. 119) and will deem Defendants' brief in opposition (Doc. No. 122) timely filed. For the reasons set forth below, Williams' motions for court sanctions and fines (Doc. Nos. 111, 115) will be denied. His remaining motions and requests for relief (Doc. Nos. 107, 108, 109) will be granted in part and denied in part.

## I.    BACKGROUND

Williams is proceeding on an amended complaint filed pursuant to 42 U.S.C.

§ 1983, alleging violations of his First, Eighth, and Fourteenth Amendment rights.[1] (Doc. No. 52.) He alleges that after he was sexually assaulted by another inmate while incarcerated at SCI Dallas, staff there, along with Secretary John Wetzel, attempted to cover up the assault by denying him medical treatment, failing to interview him, and initiating a series of retaliatory transfers. (*Id.*) Williams also maintains that he was denied equal protection because he, as a homosexual inmate, was not afforded the same protections as heterosexual inmates. (*Id.*)

By Order entered on May 24, 2018, the Court directed that all discovery be completed by November 23, 2018 and that all dispositive motions be filed on or before December 24, 2018. (Doc. No. 82.) On December 10, 2018, Williams filed a motion to compel discovery (Doc. No. 93), to which Defendants filed a brief in opposition (Doc. No. 95). Defendants also filed a motion to stay the dispositive motions deadline given Williams' motion to compel. (Doc. No. 96.) On January 15, 2019, the Court granted the motion to stay the dispositive motions deadline. (Doc. No. 98.)

In a Memorandum Order entered on March 14, 2019, Magistrate Judge Carlson granted in part and denied in part Williams' motion to compel. (Doc. No.

---

[1] Williams initiated this action in December of 2016 by filing a motion for leave to proceed *in forma pauperis* and complaint in the United States District Court for the Western District of Pennsylvania. (Doc. Nos. 1, 5.) By Order entered on January 11, 2017, that court transferred the action to this Court. (Doc. No. 8.)

2

104.) Specifically, Magistrate Judge Carlson denied the motion as to Williams' requests for documents regarding information about other inmates, his requests for medical records, video footage, and transfer documents that Defendants attested did not exist, and his requests for copies of policies regarding inmate transfers and staff retaliation given Defendants' assertion that those policies were available in the law library for Williams to review. (*Id.*) However, Magistrate Judge Carlson granted the motion as to Williams' requests for copies of the "death threat" received from his attacker as well as the "block notes" concerning his assaults and directed Defendants to provide such documents on or before April 15, 2018. (*Id.*) Defendants were also directed to produce answers to Williams' interrogatories on or before that date. (*Id.*) Finally, he denied the motion to the extent Williams sought to compel Defendants to produce documents not requested in his initial request for production of documents. (*Id.*)

Williams subsequently filed a motion for reconsideration (Doc. No. 105), arguing that Defendants committed fraud by providing in discovery what he believed is a fraudulent letter from Defendant Demming. By Order entered on May 29, 2019, the Court denied Williams' motion, noting that he had not demonstrated that the alleged fraud established manifest injustice. (Doc. No. 117.)

## II. DISCUSSION

Williams' discovery motions contain several requests, many of which are raised in more than one document. The Court considers each request and concern in turn below.

### A. Request Regarding Legal Mail

In one motion, Williams appears to request that the Court direct counsel for Defendants to fax discovery documents to his unit manager to be provided to him instead of mailing them to the Smart Communications screening center in Florida. (Doc. No. 109.) Under current Department of Corrections ("DOC") policy, however, counsel for Defendants must send all documents to Williams via this service. Accordingly, this request will be denied.

### B. Discovery Issues

It is well-established that rulings concerning the proper scope of discovery and the extent to which discovery may be compelled are within the court's discretion. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). The court's decision regarding the conduct of discovery, including whether to compel disclosure, will only be disturbed on a showing of an abuse of discretion. *See Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim

or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides for a broad scope of discovery. As a consequence, courts often – and appropriately – apply liberal treatment to discovery rules. *See, e.g.*, *Clements v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citing *Great W. Life Assurance Co. v. Levithan*, 152 F.R.D. 494, 497 (E.D. Pa. 1994)). Nonetheless, a "valid claim[] of relevance or privilege" operates to restrict a court's otherwise broad discretion under Rule 26(b)(1). *McConnell v. Canadian Pac. Realty Co.*, 280 F.R.D. 188, 192-93 (M.D. Pa. 2011).

In his motion to compel (Doc. No. 107), Williams asserts that Defendants failed to produce a letter from Defendant Demming and the "death threat" letter from his attacker despite being ordered to do so by Magistrate Judge Carlson. Subsequent filings, however, reveal that Williams has received these documents. Accordingly, his motion will be denied as to this request.

Williams also faults Defendants for not producing the "block notes" despite Magistrate Judge Carlson's directive to do so. (*See* Doc. No. 107 at 1.) In response, Defendants aver that Kyle Fagan, the Assistant the Superintendent at SCI Dallas, conducted a search for the "block notes" and discovered that the log books for the relevant time period had been damaged or are missing due to a flood. (Doc. No. 122 at 2; Doc. No. 122-3.) Thus, Defendants state, they are now unable to provide the "block notes" because of "an act of God." (Doc. No. 122 at 2.) While Magistrate

5

Judge Carlson did previously direct that the "block notes" be provided to Williams, the Court "cannot compel the production of things that do not exist. Nor can the [C]ourt compel the creation of evidence by the parties who attest that they do not possess the material sought by an adversary in litigation." *Amfosakyi v. Frito Lay*, No. 1:11-cv-651, 2011 WL 5593133, at *3 (M.D. Pa. Nov. 17, 2011). Accordingly, because the "block notes" no longer exist, Williams' requests to compel the production of such will be denied.[2]

Williams also faults Defendants for not providing responses to the interrogatories he addressed to Defendant Klopotoski as well as interrogatories addressed to four (4) non-defendants. As to the interrogatories addressed to Defendant Klopotoski, Defendants assert that they have no record of receiving such until May 14, 2019, as an attachment to Williams' brief in support of one of his motions (Doc. No. 112). Counsel notes, however, that there have been prior issues with receiving mail from Williams in this matter, that the interrogatories have been provided to Defendant Klopotoski and that responses will be provided within thirty (30) days of June 10, 2019. (Doc. No. 122 at 2 & n.1.) As to the other interrogatories, Defendants assert that they cannot be compelled to provide answers

---

[2] Williams suggests that Defendants should be required to show proof of flood damage via pictures and "itemized billing notices" from repair companies. (Doc. No. 123 at 4.) In support of their argument, however, Defendants have submitted a declaration from Fagan, who was personally involved in the search for the "block notes." (Doc. No. 122-3.)

6

to such, as the Federal Rules of Civil Procedure provide that interrogatories may only be served upon parties to the suit. (*Id.* at 3-4.)

Given Defendants' assertions regarding the interrogatories posed to Defendant Klopotoski, the Court will reopen discovery for a period of thirty (30) days to ensure ample time for responses to such to be provided to Williams. The Court will not, however, compel Defendants to provide responses to the interrogatories posed to the four (4) non-defendants, as Defendants are correct that interrogatories can only be served upon parties to the lawsuit. *See Ledcke v. Pa. Dep't of Corr.*, No. 1:12-CV-1580, 2013 WL 1632573, at *2 (M.D. Pa. Apr. 16, 2013). Accordingly, to the extent that Williams seeks a Court Order directing Defendants to respond to the interrogatories posed to non-parties, Williams' request will be denied.

Williams also requests that Defendants provide him copies of all documents from block counselor Ms. Marhelko regarding his "parole packet" in 2014. (doc. No. 107 at 1.) According to Williams, these documents would show that he had employment lined up in Claysburgh, Pennsylvania, and that such documents are relevant to the question of damages. (*Id.* at 1-2.) Williams included this request in his Second Request for Production of Documents, which is dated December 27, 2018 and is attached to his motion to compel. (*Id.* at 10-11.)

The Court notes that Williams requested that Defendants be compelled to produce these documents in his prior motion to compel. (*See* Doc. No. 93.) In response, Defendants asserted that Williams never requested this information and that they should not be required to respond to the request unless the discovery deadline was extended. (Doc. No. 95 at 8.) Magistrate Judge Carlson concluded that this request violated Local Rule 5.4(b) because Williams had not served the request upon Defendants. (*See* Doc. No. 104 at 11 n.1.)

Defendants' brief in opposition to Williams' pending motions does not address this discovery request. However, in light of Defendants' assertion that they have experienced prior issues with receiving mail from Williams, the Court cannot conclusively state whether Williams failed to mail this discovery request to Defendants. Nevertheless, in light of the fact that the Court is reopening the discovery period for thirty (30) days to allow Defendants to submit responses to the interrogatories posed to Defendant Klopotoski, the Court will direct Defendants to respond to Williams' discovery request regarding his "parole packet" as well.

Williams also requests *de novo* review of portions of Magistrate Judge Carlson's March 14, 2019 Memorandum Order regarding his prior motion to compel. (Doc. No. 108.) The Court construes this document to be Williams' objections to the Memorandum Order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. As an initial matter, Williams' objections are untimely, as Rule

72(a) provides that objections to a magistrate judge's order regarding a nondispositive issue must be filed "within 14 days after being served with a copy" of the order at issue. Fed. R. Civ. P. 72(a). Magistrate Judge Carlson filed his Memorandum Order on March 14, 2019, and the Court did not receive Williams' objections until April 26, 2019. Nevertheless, in light of Williams' *pro se* status, the Court will consider his objections.

Williams first objects to Magistrate Judge Carlson's denial of his motion to compel documents containing information about other inmates. (Doc. No. 108 at 3.) Upon review of the record, the Court concludes that Magistrate Judge Carlson was correct that Williams' requests for such infringe upon the privacy interests of other inmates. Accordingly, Williams' objection will be overruled.

Williams next objections to the denial of his motion to compel production of policies regarding inmate transfers and staff retaliation given Defendants' indication that such policies are available for viewing in the law library. (Doc. No. 108 at 3.) Williams maintains that only current policies are available in the law library and that the 2014 and 2015 policies are the ones that are relevant to his claims. (*Id.*) Given that Williams' claims arise from events that occurred in 2014 and 2015, the Court agrees. Accordingly, this objection will be sustained, and the Court will direct Defendants to provide copies of the 2014 and 2015 policies that are responsive to Williams' requests.

Williams also objects to the "operative" date of April 15, 2018 set forth by Magistrate Judge Carlson. As noted above, Magistrate Judge Carlson directed that certain discovery items be provided to Williams by that date. Williams appears to believe that this date is a typographical error because the incident in question occurred in 2014, not 2018. (Doc. No. 108 at 4.) The Court disagrees, as it is clear from the Memorandum Order that Magistrate Judge Carlson set April 15, 2018 as the deadline for Defendants to comply and provide documents to Williams. Thus, any objections regarding this alleged typographical error will be overruled.

Finally, Williams objects to Magistrate Judge Carlson's decision to strike his one discovery request as being in violation of Local Rule 5.4(b). (Doc. No. 108 at 4.) Williams' objection references his request for documents from his "parole packet," and the Court has addressed this request <u>supra</u>.

C. **Requests for Sanctions Against Defendants**

In several of his documents, Williams asks the Court to impose monetary sanctions upon Defendants for purported discovery violations. Nothing before the Court, however, demonstrates that Defendants are acting in bad faith and are willfully disregarding discovery deadlines and orders. *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 97 n.3 (3d Cir. 2008). Accordingly, Williams' requests for sanctions will be denied.

### D. Request for Summary Judgment

Williams also asks that the Court enter summary judgment in his favor. However, he has neither filed a brief in support of his "motion" nor a statement of material facts, as required by Local Rules 7.5 and 56.1. Accordingly, the Court will deem his request for summary judgment withdrawn.

## III. CONCLUSION

For the reasons set forth above, the Court will grant Williams' motion for leave to file a brief in support of his motion to order court sanctions and fines. (Doc. No. 113.) The Court will also grant Williams' motion to clarify (Doc. No. 121) to the extent that this Memorandum and the accompanying Order serve as the clarification Williams seeks. Defendants' motion for an extension of time to file a response (Doc. No. 119) will be granted, and their brief in opposition (Doc. No. 122) will be deemed timely filed. Williams' motions for court sanctions and fines (Doc. Nos. 111, 115) will be denied. Williams' remaining motions and requests (Doc. Nos. 107, 108, 109) will be granted in part and denied in part. Specifically, they will be granted to the extent that the discovery period will be reopened for a period of thirty (30) days and Defendants will be directed to produce to Williams responses to the interrogatories posed to Defendant Klopotoski, documents in response to Williams' request regarding his 2014 "parole packet," and copies of the 2014 and 2015 DOC policies regarding inmate transfers and staff retaliation that are relevant

to Williams' requests. Williams' request for summary judgment to be entered in his favor (*see* Doc. Nos. 107, 109) will be deemed withdrawn. His motions and requests (Doc. Nos. 107, 108, 109) will be denied in all other aspects. The Court will also direct the parties to file any dispositive motions they may wish to file within ninety (90) days of the date of the Order accompanying this Memorandum. An appropriate Order follows.

>s/Sylvia H. Rambo
>SYLVIA H. RAMBO
>United States District Judge

Dated: July 2, 2019