# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| MARK-ALONZO WILLIAMS, | : | |
| Plaintiff | : | |
| | : | No. 1:17-cv-0079 |
| v. | : | |
| | : | (Judge Rambo) |
| WARDEN JOHN WETZEL, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Before the Court are *pro se* Plaintiff Mark-Alonzo Williams ("Williams")' motion for injunction and sanctions (Doc. No. 126), his declaration in support thereof (Doc. No. 127), Defendants' brief in opposition (Doc. No. 131), and Williams' reply brief (Doc. No. 131), as well as Williams' motion to compel discovery (Doc. No. 129) and declaration in support thereof (Doc. No. 132). For the following reasons, the Court will deny Williams' motion for injunction and sanctions (Doc. No. 126) and deny as moot his motion to compel discovery (Doc. No. 129).

## I. BACKGROUND

Williams is proceeding on an amended complaint filed pursuant to 42 U.S.C. § 1983, alleging violations of his First, Eighth, and Fourteenth Amendment rights.[1] (Doc. No. 52.) He alleges that after he was sexually assaulted by another inmate

---

[1] Williams initiated this action in December of 2016 by filing a motion for leave to proceed *in forma pauperis* and complaint in the United States District Court for the Western District of Pennsylvania. (Doc. Nos. 1, 5.) By Order entered on January 11, 2017, that court transferred the action to this Court. (Doc. No. 8.)

while incarcerated at SCI Dallas, staff there, along with Secretary John Wetzel, attempted to cover up the assault by denying him medical treatment, failing to interview him, and initiating a series of retaliatory transfers. (*Id.*) Williams also maintains that he was denied equal protection because he, as a homosexual inmate, was not afforded the same protections as heterosexual inmates. (*Id.*)

By Order entered on May 24, 2018, the Court directed that all discovery be completed by November 23, 2018 and that all dispositive motions be filed on or before December 24, 2018. (Doc. No. 82.) On December 10, 2018, Williams filed a motion to compel discovery (Doc. No. 93), to which Defendants filed a brief in opposition (Doc. No. 95). Defendants also filed a motion to stay the dispositive motions deadline given Williams' motion to compel. (Doc. No. 96.) On January 15, 2019, the Court granted the motion to stay the dispositive motions deadline. (Doc. No. 98.)

In a Memorandum Order entered on March 14, 2019, Magistrate Judge Carlson granted in part and denied in part Williams' motion to compel. (Doc. No. 104.) Specifically, Magistrate Judge Carlson denied the motion as to Williams' requests for documents regarding information about other inmates, his requests for medical records, video footage, and transfer documents that Defendants attested did not exist, and his requests for copies of policies regarding inmate transfers and staff retaliation given Defendants' assertion that those policies were available in the law

library for Williams to review. (*Id.*) However, Magistrate Judge Carlson granted the motion as to Williams' requests for copies of the "death threat" received from his attacker as well as the "block notes" concerning his assaults and directed Defendants to provide such documents on or before April 15, 2018. (*Id.*) Defendants were also directed to produce answers to Williams' interrogatories on or before that date. (*Id.*) Finally, he denied the motion to the extent Williams sought to compel Defendants to produce documents not requested in his initial request for production of documents. (*Id.*)

Williams subsequently filed a motion for reconsideration (Doc. No. 105), arguing that Defendants committed fraud by providing in discovery what he believed is a fraudulent letter from Defendant Demming. By Order entered on May 29, 2019, the Court denied Williams' motion, noting that he had not demonstrated that the alleged fraud established manifest injustice. (Doc. No. 117.)

Williams then filed several discovery-related motions and documents. By Memorandum and Order entered on July 2, 2019, the Court granted in part and denied in part Williams' various motions. (Doc. Nos. 124, 125.) Of note, the Court reopened the discovery period for thirty (30) days and directed Defendants to produce the following to Williams: (1) responses to the interrogatories posed to Defendant Klopotoski; (2) documents in response to Williams' request regarding his "parole packet" in 2014; and (3) copies of the 2014 and 2015 DOC policies regarding

inmate transfers and staff retaliation that were relevant to Williams' requests. (*Id.*) The Court also directed the parties to file any dispositive motions within ninety (90) days. (*Id.*)

## II. DISCUSSION

### A. Motion for Injunction and Sanctions

In his motion for injunction and sanctions, Williams maintains that on July 5, 2019, Defendants retaliated again him by having their agents at SCI Huntingdon, where Williams is currently incarcerated, place him in the Restricted Housing Unit ("RHU") and seize his boxes of legal property related to this action. (Doc. No. 126 at 2.) Williams suggests that his legal property would be destroyed if the Warden did not approve him to possess excess property and that he has not been charged with any violation of prison rules. (*Id.*) As relief, Williams seeks the appointment of counsel, an Order enjoining staff at SCI Huntingdon from holding him in isolation without due process and directing them to return his legal property, a transfer to SCI Rockview, and permission to file a supplemental complaint to add staff at SCI Huntingdon as defendants. (*Id.* at 6-7.)

#### 1. Request for Counsel

Although prisoners have no constitutional or statutory right to the appointment of counsel in civil cases, district courts have broad discretionary power to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1).

*Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). In *Tabron v. Grace*, the United States Court of Appeals for the Third Circuit developed a non-exhaustive list of factors to aid district courts in determining whether to appoint counsel for such litigants. *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993). Such factors include the plaintiff's ability to present his case, the complexity of the legal and discovery issues in the case, the amount of factual investigation that will be required, the necessity of expert witnesses, and whether "witness credibility is a key issue." *Id.* Additionally, "[a]s a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 498-99 (citing *Tabron*, 6 F.3d at 155). Finally, "[t]he plaintiff's ability to present a case is '[p]erhaps the most significant' consideration and depends on factors such as 'the plaintiff's education, literacy, prior work experience, and prior litigation experience . . . along with a plaintiff's ability to understand English . . . [and] the restraints placed upon a prisoner plaintiff by confinement.'" *Nunez v. Wertz*, Civ. No. 14-cv-0727, 2017 WL 4698092, at *1 (M.D. Pa. Oct. 19, 2017) (quoting *Montgomery*, 294 F.3d at 501).

The Court concludes that the *Tabron* factors do not warrant appointing counsel at this time. The Court finds that, at present, Williams has the ability to present his case, read and write in English, and to litigate this action *pro se*. There is no indication that Williams "presently suffers from any impediment unusual to

5

other *pro se* prisoner litigants that appear before this Court." *Segura v. Wetzel*, Civ. No. 17-0931, 2017 WL 3495184, at *2 (M.D. Pa. Aug. 14, 2017). Additionally, this Court's duty to construe *pro se* pleadings liberally, *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with Williams' apparent ability to litigate this action, militate against the appointment of counsel at this time. Accordingly, the Court declines to appoint counsel for Williams. In the event that future proceedings demonstrate the need for counsel, however, the Court may reconsider this matter either *sua sponte* or upon a motion properly filed by Williams.

## 2. Requests for Injunctive Relief

As noted above, Williams seeks an injunction directing Defendants and their agents at SCI Huntingdon to release him from isolation and to provide him a fair disciplinary hearing that comports with due process. (Doc. No. 126 at 6.) He also seeks an injunction directing staff at SCI Huntingdon to return his confiscated legal files. (*Id.* at 7.) Finally, Williams seeks a transfer to SCI Rockview. (*Id.*)

Preliminary injunctive relief is extraordinary in nature and is discretionary with the trial judge. *See Orson, Inc. v. Miramax Film Corp.*, 836 F. Spp. 309, 311 (E.D. Pa. 1993) (citing *Skehan v. Bd. of Tr. of Bloomsburg State Coll.*, 353 F. Supp. 542 (M.D. Pa. 1973)). In determining whether to grant a motion seeking preliminary injunctive relief, courts within the Third Circuit consider the following four factors: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which

the movant is being irreparably harmed by the conduct complained of; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. *See S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992) (citing *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197-98 (3d Cir. 1990)). To prove "irreparable injury" a plaintiff must demonstrate actual and immediate injury rather than a possibility of future harm. *See Continental Group, Inc. v. Amoco Chemical Corp.*, 614 F.2d 351, 359 (3d Cir. 1980). It is the moving party that bears the burden of demonstrating these factors. *See Dorfman v. Moorhous*, No. 93-cv-6120, 1993 WL 483166, at *1 (E.D. Pa. Nov. 24, 1993). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). Furthermore, "there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *See Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (internal quotation marks omitted) (quoting *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)).

Moreover, "[t]he 'requisite feared injury or harm must be irreparable – not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" *See ECRI v. McGraw-Hill, Inc.*, 809

F.2d 223, 226 (3d Cir. 1987) (quoting *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)). "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). "The key word in this consideration is *irreparable*. . . . The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (emphasis in original).

As an initial matter, it appears that Williams seeks injunctive relief not only against Defendants, but also against individuals who are not parties to this action. *See Martin v. Keitel*, 205 F. App'x 925, 929 (3d Cir. 2006). Moreover, the relief Williams requests is completely unrelated to his allegations that Defendants attempted to cover up his sexual assault by denying him medical treatment, failing to interview him, and initiating a series of retaliatory transfers, and that he was denied equal protection because he, as a homosexual inmate, was not afforded the same protections as heterosexual inmates. *See Ball*, 396 F. App'x at 838. In any event, Defendants have provided evidence demonstrating that Superintendent Kauffman at SCI Huntingdon granted Williams' request to store his excess legal

8

material in connection with this action, thus rendering his request related to his legal material moot. To the extent that Williams seeks injunctive relief related to his allegations, he has failed to "produce sufficient evidence to satisfy the essential elements of the underlying cause of action." *McCahon v. Pa. Tpk. Comm'n*, 491 F. Supp. 2d 522, 527 (M.D. Pa. 2007). Accordingly, Williams' requests for injunctive relief will be denied.

### 3. Request to File a Supplemental Complaint

Williams seeks leave to file a supplemental complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, which provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). A supplemental complaint "refers to events that occurred after the original pleading was filed." *Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1188-89 (3d Cir. 1979). "Factors to be considered by the Court in making [a determination under Rule 15(d)] are the same as those to be considered in motions to amend, including the promotion of a justiciable disposition of the case, the delay or inconvenience in permitting a plaintiff to supplement the complaint, any resulting prejudice to the other parties in the action, and whether the supplement would be

futile." *Green v. Klinefetter*, No. 3:16-cv-2367, 2019 WL 80443, at *3 (M.D. Pa. Jan. 2, 2019) (citations omitted). However, "when the matters alleged in a supplemental pleading have no relation to the claim set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified." Wright & Miller, *Federal Practice and Procedure: Civil* § 1506 at 551 (1971).

After consideration of the claims raised by Williams in his second amended complaint (Doc. No. 52) and the suggested claims raised in his motion, the Court concludes that any proposed claims bear no relation to the claims set forth in the second amended complaint and that joinder of any staff members at SCI Huntingdon as additional defendants would not promote judicial economy or the speedy disposition of the dispute. Accordingly, the Court will deny Williams' request to file a supplemental complaint. While the Court will not permit Williams to file a supplemental pleading in the above-captioned matter, Williams is free to raise his claims regarding the incident at SCI Huntingdon in a separate civil rights action should he choose to do so.

### 4. Request for Sanctions

Williams has titled his motion as a request for injunction and sanctions, although he does not appear to request sanctions in the body of his motion. Nothing before the Court, however, demonstrates that Defendants are acting in bad faith such

that the imposition of sanctions would be warranted. *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 97 n.3 (3d Cir. 2008). Accordingly, Williams' request for sanctions will be denied.

**B.    Motion to Compel Discovery**

On August 5, 2019, the Court received Williams' motion to compel discovery, in which he requests that the Court order Defendants to comply with its July 2, 2019 Memorandum and Order directing them to provide him certain documents in response to his discovery requests. (Doc. No. 129.) On August 19, 2019, the Court received a declaration from Williams wherein he states that he received the Court-ordered discovery from counsel for Defendants on August 8, 2019. (Doc. No. 132.) In light of Williams' declaration that he has received the Court-ordered discovery, the Court will deny as moot his motion to compel.

**III.    CONCLUSION**

For the reasons set forth above, the Court will deny Williams' motion for injunction and sanctions (Doc. No. 126) and deny as moot his motion to compel discovery (Doc. No. 129). An appropriate Order follows.


Dated: August 29, 2019                                                  S/SYLVIA H. RAMBO
                                                                                          United States District Judge