IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK-ALONZO WILLIAMS, | : | |
|     Plaintiff | : | |
| | : | No. 1:17-cv-79 |
|     v. | : | |
| | : | (Judge Rambo) |
| WARDEN JOHN WETZEL, *et al.*, | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court is *pro se* Plaintiff Marl-Alonzo Williams ("Plaintiff")'s motion to amend judgment (Doc. No. 143), which seeks injunctive relief against employees at SCI Huntingdon. (Doc. No. 143.) Defendants have filed a response (Doc. No. 153), and Plaintiff has filed a reply (Doc. No. 159). For the following reasons, the Court will deny Plaintiff's motion.

**I.  BACKGROUND**

Plaintiff is proceeding on an amended complaint filed pursuant to 42 U.S.C. § 1983, alleging violations of his First, Eighth, and Fourteenth Amendment rights.[1] (Doc. No. 52.) He alleges that after he was sexually assaulted by another inmate while incarcerated at SCI Dallas, staff there, along with Secretary John Wetzel, attempted to cover up the assault by denying him medical treatment, failing to

---

[1] Plaintiff initiated this action in December of 2016 by filing a motion for leave to proceed *in forma pauperis* and complaint in the United States District Court for the Western District of Pennsylvania. (Doc. Nos. 1, 5.) By Order entered on January 11, 2017, that court transferred the action to this Court. (Doc. No. 8.)

interview him, and initiating a series of retaliatory transfers. (*Id.*) Plaintiff also maintains that he was denied equal protection because he, as a homosexual inmate, was not afforded the same protections as heterosexual inmates. (*Id.*) Discovery has closed, and the parties have filed motions for summary judgment (Doc. Nos. 140, 149).[2]

In his motion to alter judgment, Plaintiff seeks an Order directing Defendant Wetzel and his agents at SCI Huntingdon to turn over to him all original copies of legal mail sent to him from August 27, 2018 through April 5, 2019. (Doc. No. 143 at 1.) Plaintiff maintains that staff at SCI Huntingdon are in violation of the Department of Corrections ("DOC")'s revised mail policy because they have not turned over these originals. (Doc. No. 144.) From Plaintiff's reply brief, it appears that he is referring to legal mail sent to him by this Court. (Doc. No. 159.)

## II. DISCUSSION

Preliminary injunctive relief is extraordinary in nature and is discretionary with the trial judge. *See Orson, Inc. v. Miramax Film Corp.*, 836 F. Spp. 309, 311 (E.D. Pa. 1993) (citing *Skehan v. Bd. of Tr. of Bloomsburg State Coll.*, 353 F. Supp. 542 (M.D. Pa. 1973)). In determining whether to grant a motion seeking preliminary injunctive relief, courts within the Third Circuit consider the following four factors: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which

---

[2] The Court will address the motions for summary judgment in a separate Memorandum and Order.

the movant is being irreparably harmed by the conduct complained of; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. *See S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992) (citing *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197-98 (3d Cir. 1990)). To prove "irreparable injury" a plaintiff must demonstrate actual and immediate injury rather than a possibility of future harm. *See Continental Group, Inc. v. Amoco Chemical Corp.*, 614 F.2d 351, 359 (3d Cir. 1980). It is the moving party that bears the burden of demonstrating these factors. *See Dorfman v. Moorhous*, No. 93-cv-6120, 1993 WL 483166, at *1 (E.D. Pa. Nov. 24, 1993). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). Furthermore, "there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *See Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (internal quotation marks omitted) (quoting *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)).

Moreover, "[t]he 'requisite feared injury or harm must be irreparable – not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" *See ECRI v. McGraw-Hill, Inc.*, 809

F.2d 223, 226 (3d Cir. 1987) (quoting *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)). "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). "The key word in this consideration is *irreparable*. . . . The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (emphasis in original).

As an initial matter, it appears that Plaintiff seeks injunctive relief not only against Defendant Wetzel, but also against individuals who are not parties to this action. *See Martin v. Keitel*, 205 F. App'x 925, 929 (3d Cir. 2006). Moreover, the relief Plaintiff requests is completely unrelated to his allegations that Defendants attempted to cover up his sexual assault by denying him medical treatment, failing to interview him, and initiating a series of retaliatory transfers, and that he was denied equal protection because he, as a homosexual inmate, was not afforded the same protections as heterosexual inmates. *See Ball*, 396 F. App'x at 838. In any event, Plaintiff fails to demonstrate that he has suffered irreparable harm from not being provided the original copies of any legal mail sent to him from August 27,

4

2018 through April 5, 2019.  *See Sampson*, 415 U.S. at 90.  Accordingly, the Court will deny Plaintiff's request for injunctive relief.

## III.   CONCLUSION

For the reasons set forth above, the Court will deny Plaintiff's motion to alter judgment.  (Doc. No. 143.)  An appropriate Order follows.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

Dated: December 19, 2019